# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| STEVEN STETTNICHS, <br><br> Plaintiff, <br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | No. C15-4066-LTS <br><br> **MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) by the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge. *See* Doc. No. 14. Judge Scoles recommends that I affirm the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Steven Stettnichs Social Security disability benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. (Act). Stettnichs has filed timely objections (Doc. No. 15) to the R&R. The Commissioner has not filed a response. The procedural history and relevant facts are set forth in the R&R and are repeated herein only to the extent necessary.

## II. APPLICABLE STANDARDS

*A. Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial

evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently."

*Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*,

333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.  THE R&R

Judge Scoles reviewed the ALJ's evaluation of the medical evidence – including the opinion of physical therapist Marlon Gasner, DPT – and the ALJ's credibility determination. With regard to Dr. Gasner, Judge Scoles discussed the fact that a physical therapist is not an "acceptable medical source:"

> Even though Dr. Gasner is not an "acceptable medical source," the Social Security Administration ("SSA") requires an ALJ to consider such opinions in making a final disability determination. On August 9, 2006, the SSA issued Social Security Ruling 06-03p. The purpose of Ruling 06-03p was to clarify how the SSA considers opinions from sources not classified as "acceptable medical sources." *See Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007) (discussing SSR 06-03p). Ruling 06-03p provides that when considering the opinion of a source that is classified as a "not acceptable medical source," such as a physical therapist, "it would be appropriate to consider such factors as the nature and extent of the relationship between the source and the individual, the source's qualifications, the source's area of specialty or expertise, the degree to which the source presents relevant evidence to support his or her opinion, whether the opinion is consistent with other evidence, and any other factors that tend to support or refute the opinion." SSR 06-03p. In determining the weight afforded to "other medical evidence," an "ALJ has more discretion and is permitted to consider any inconsistencies found within the record." *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005) (citation omitted).

4

Doc. No. 14 at 14. Under this standard, which I find to be accurate, Judge Scoles concluded that the ALJ properly weighed Gasner's opinion. Judge Scoles found that the record supports the ALJ's determination that Gasner's examination lacked "testing pertaining to reaching and handling." *Id.* at 16. Judge Scoles also found substantial evidence supporting the ALJ's decision that the record does not contain evidence suggesting Stettnichs' ability to sit was limited. *Id.* at 17.

Addressing Stettnichs' argument that the ALJ improperly assessed his credibility, Judge Scoles described the applicable standards as follows:

> When assessing a claimant's credibility, "[t]he [ALJ] must give full consideration to all the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; [and] (5) functional restrictions." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). An ALJ should also consider a "a claimant's work history and the absence of objective medical evidence to support the claimant's complaints[.]" *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (citing *Wheeler v. Apfel*, 224 F.3d 891, 895 (8th Cir. 2000)). The ALJ, however, may not disregard a claimant's subjective complaints "solely because the objective medical evidence does not fully support them." *Renstrom v. Astrue*; 680 F.3d 1057, 1066 (8th Cir. 2012) (quoting *Wiese v. Astrue*, 552 F.3d 728, 733 (8th Cir. 2009)).
>
> Instead, an ALJ may discount a claimant's subjective complaints "if there are inconsistencies in the record as a whole." *Wildman*, 596 F.3d at 968; *see also Finch*, 547 F.3d at 935 (same); *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) ("The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole."). If an ALJ discounts a claimant's subjective complaints, he or she is required to "make an express credibility determination, detailing the reasons for discounting the testimony, setting forth the inconsistencies, and discussing the *Polaski* factors." *Renstrom*, 680 F.3d at 1066 (quoting *Dipple v. Astrue*, 601 F.3d 833, 837 (8th Cir.

5

2010)); *see also Ford*, 518 F.3d at 982 (An ALJ is "required to 'detail the reasons for discrediting the testimony and set forth the inconsistencies found.' *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003)."). Where an ALJ seriously considers, but for good reason explicitly discredits a claimant's subjective complaints, the Court will not disturb the ALJ's credibility determination. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001) (citing *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996)); *see also Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (providing that deference is given to an ALJ when the ALJ explicitly discredits a claimant's testimony and gives good reason for doing so); *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003) ("If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination."). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010) (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001)).

Doc. No. 14 at 17-19. Judge Scoles noted that the ALJ pointed out inconsistencies between the objective medical evidence and Stettnichs' allegations of pain and disability. *Id.* at 20. Judge Scoles also noted that the ALJ properly referenced the *Polaski* factors and considered the objective medical evidence along with Stettnichs' treatment history, functional restrictions, use of medication and work history in making the credibility determination. *Id.* Judge Scoles found the ALJ provided good reasons for discrediting Stettnichs' subjective complaints. *Id.* Thus, Judge Scoles concluded that the ALJ's ruling should not be disturbed. *Id.*

### IV. DISCUSSION

#### A. *Stettnichs' Objections*

Stettnichs objects to Judge Scoles' findings (1) that the ALJ properly weighed the opinion of Marlon Gasner, DPT, and (2) that the ALJ properly evaluated Stettnichs' credibility. I will review these issues de novo.

## B. Evaluation of Gasner's Opinion

Gasner performed a functional capacity evaluation on November 13, 2013. AR 293. Gasner found that Stettnichs could perform "at the Sedentary physical demand level (according to the Department of Labor Standards) within the material handling and positional tolerances listed in this report." AR 294. He also found that Gander could "perform in the Light category only with occasional floor to knuckle lifting." *Id.* Gasner found that Stettnichs could occasionally lift up to 16 pounds (depending on the lifting position), occasionally carry 10 pounds, occasionally push and pull 50 pounds, frequently sit (meaning 2.5 to 5.5 hours per day), occasionally reach repetitively at desk level and floor level and occasionally handle items with his right and left hand with occasional fine motor skills. AR 295. In estimating Stettnichs' activity tolerances, Gasner estimated that he could sit for 30 minutes, stand for 2 to 5 minutes, walk for 3 to 5 minutes, drive for 30 minutes and lift 20 pounds. AR 297.

### 1. *The ALJ's reasoning*

The ALJ noted that Gasner's opinion was generally consistent with Gasner's various examination findings, with a few exceptions. AR 25. Most notably, the ALJ found that the record did not contain evidence that Stettnichs' ability to sit was limited. *Id.* Additionally the ALJ found that Gasner's report did not indicate any testing as to Stettnichs' ability to reach and handle. *Id.* This caused the ALJ to conclude that the limitations Gasner provided concerning Stettnichs' ability to reach and handle were unpersuasive. *Id.* In all other respects, the ALJ gave Gasner's opinion significant weight. *Id.*

### 2. *Analysis*

Having carefully reviewed the record, I find that the ALJ provided good reasons, supported by substantial evidence, for the weight afforded to the various aspects of

7

Gasner's opinion. I agree with Judge Scoles that while the record reflects an attempt to conduct testing as to Stettnichs' material-handling abilities, the testing did not produce meaningful results because (a) Stettnichs' did not complete the testing and (b) the testing did not address Stettnichs' ability to reach and handle while performing sedentary work (*i.e.*, sitting). Doc. No. 14 at 16 (citing AR 302). Further, I find the record does not support the reaching and handling limitations Gasner reported. Most notably, during a consultative exam performed by Jeannett Tan Wu, M.D., Stettnichs had 5/5 grip strength, no significant loss of flexion in the shoulders, arms, elbows, wrists or either hand and 5/5 upper extremity muscle strength. AR 257. For these reasons, the ALJ was entitled to discount Gasner's reported limitations as to reaching and handling.

Similarly, the ALJ was entitled to find that the record lacks support for the sitting limitations Gasner reported. While Stettnichs did state during one consultative examination that sitting caused him pain (AR 255), there are no test results or findings in the record indicating that Stettnichs can sit for only 30 minutes at a time, as Gasner reported. An ALJ may discount an opinion if it is unsupported by objective medical evidence. *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012).

Based on my de novo review, I agree with Judge Scoles that the ALJ's evaluation of the medical evidence is supported by substantial evidence in the record as a whole. I therefore overrule Stettnichs' objection to that portion of the R&R.

### C.     *The Credibility Assessment*

Stettnichs argues that the ALJ's credibility assessment is not supported by substantial evidence. Specifically, he contends that the ALJ failed to consider his subjective complaints and failed to identify actual inconsistencies in the record.

The ALJ referenced the relevant factors for considering a claimant's credibility and then described reasons for concluding that Stettnichs' allegations of disabling pain were not entirely credible. AR 23-24. The reasons included (a) inconsistencies in his

8

statements, (b) inconsistencies as to reports of the onset of pain, (c) complaints of increased pain without objective signs of a worsening condition and (d) Stettnichs' failure to pursue medical treatment immediately following an injury. *Id*. The ALJ also noted that the treatment recommendations of record are inconsistent with disabling pain. AR 24.

Based on my de novo review, I conclude that these are good reasons that are supported by substantial evidence. The ALJ noted that Stettnichs alleged suffered an injury to his neck in October 2008 but did not seek treatment until July 2009. AR 23-24. "An ALJ may discount a claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment." *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (citing *Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996)). The ALJ also noted that Stettnichs' impairments were present prior to his alleged onset date and he was able to work, raising questions as to why he now claims disability. AR 23.

Moreover, the record does not illustrate significant work restrictions following Stettnichs' injury. *See Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004) (citing *Brown v. Chater*, 87 F.3d 963, 965 (8th Cir.1996) (holding that a claimant's lack of significant medical restrictions is inconsistent with complaints of a disabling pain)). On September 22, 2009, David Hoversten, M.D., found severe multilevel degenerative disk disease of the neck with x-rays and an MRI showing "rather severe left-sided C4-5 foraminal stenosis and a small disk extrusion at C6-7." AR 239. Despite these findings, Dr. Hoversten recommended that Stettnichs continue working eight-hour days with restrictions on overhead work and a lifting limitation of 50 pounds. *Id*. After an examination on June 9, 2010, Jacqueline M. Stoken, D.O., found total impairment of 10 to 13 percent of the whole person (using workers' compensation standards that are not applicable to Social Security claims) and recommended the following work restrictions:

9

avoid prolonged looking up or down, do not work for more than eight hours and avoid lifting more than 50 pounds on a frequent basis. AR 273.

Stettnichs argues that the ALJ erred in stating that he increased his complaints of pain "without any objective signs of worsening." AR 23. I agree with Stettnichs that this statement is not entirely correct. For example, on April 27, 2014, Aaron Berg, M.D., found multilevel degenerative changes and noted that Stettnichs' disk herniation appeared more prominent when compared with a prior MRI. AR 320. Indeed, in the preceding paragraph of the ALJ's decision, the ALJ stated that there "is little or no evidence of worsening," not that there was a complete lack of evidence of worsening. AR 23. Thus, I find that the ALJ's absolute declaration ("without any") was an oversimplification that resulted from sloppy writing. The ALJ went on to acknowledge that this issue was not dispositive on the issue of Stettnichs' credibility. *Id.* Thus, while the ALJ could have chosen her words with more care, I find that this error alone does not undermine the entire credibility analysis.

Finally, Stettnichs argues that the ALJ relied too heavily on an alleged inconsistency in making his credibility finding. I disagree. The ALJ found some incompatibility between (a) Stettnichs' statement that he "was terminated for settlement agreement, and the company did not want to pay for treatments and recommended surgery," and (b) Stettnichs' report to Dr. Hoversten that he had "basically been laid off from his work because he cannot do the heavy work of welding which he did, and he is in the process of applying for disability." AR 178, 239. The ALJ was entitled to find that these statements are not entirely consistent. Moreover, nothing suggests that the ALJ placed too much emphasis on this inconsistency. Indeed, she simply noted that "this discrepancy does raise some questions about the overall completeness and reliability of [Stettnichs'] reports." AR 22-23. The ALJ did not err in noting, and considering, the difference between the two statements.

Having carefully reviewed the record, I find that the ALJ appropriately considered the *Polaski* factors and provided good reasons for her decision to discredit Stettnichs' subjective complaints. As such, there is no basis for disturbing the ALJ's credibility determination. *Johnson*, 240 F.3d at 1148. Stettnichs' objection to this portion of the R&R is overruled.

## V. CONCLUSION

For the reasons set forth herein:

1. Stettnichs' objections (Doc. No. 15) to the magistrate judge's report and recommendation are **overruled**;

2. **I accept** Chief United States Magistrate Judge Scoles' February 8, 2016, report and recommendation (Doc. No. 14) without modification. *See* 28 U.S.C. § 636(b)(1).

3. Pursuant to Judge Scoles' recommendation:

    a. The Commissioner's determination that Stettnichs was not disabled is **affirmed**; and

    b. Judgment shall enter against Stettnichs and in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 31st day of August, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE